# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGELA KUTZER and BRYAN KUTZER, individually and as parents and natural guardians of G.K., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> GLAXOSMITHKLINE LLC, <br><br> Defendant. | Civil Action No. 15-13751-FDS |

## MEMORANDUM AND ORDER OF DISMISSAL

**SAYLOR, J.**

This is a product liability action based on a claim that the use of the drug Zofran (ondansetron) by a pregnant woman caused birth defects in her child. The action was filed in North Dakota and was transferred to this Court as part of a multi-district litigation ("MDL") proceeding, *In re Zofran*, 1:15-md-2657-FDS.

## I.  Background

Plaintiffs Angela Kutzer and Bryan Kutzer are residents of North Dakota. They are the parents of G.K., a minor. According to plaintiffs, Angela Kutzer ingested Zofran during her pregnancy with G.K. in 2006 and 2007. In October 2013, the Kutzers learned that G.K. had a number of birth defects, including having only one kidney and a congenital unilateral absence of the vas deferens.

The Kutzers allege that they were advised by their son's treating physicians that his birth defects "were possibly" caused by the ingestion of Zofran. (Pl. Mem. at 2). They also contend

that at the time they brought suit, "[they] understood there were medical and scientific studies investigating whether Zofran could cause the type of birth defects G.K. sustained in utero." (*Id.*) They hired counsel and filed this lawsuit on July 27, 2015, in the United States District Court for the District of North Dakota. It was transferred to this Court as part of the MDL process in August 2015.

Plaintiffs have now moved for voluntary dismissal without prejudice to the rights of G.K. to bring a claim in the future once he is no longer a minor. According to plaintiffs, they "have recently learned that medical science apparently has not yet determined whether ingestion of Zofran during pregnancy causes the type of birth defects suffered by G.K." (*Id.*)

GSK opposes the motion, and seeks dismissal with prejudice and the imposition of attorney's fees and costs. According to GSK, plaintiffs have admitted that "there is no medical science linking Zofran to [p]laintiffs' alleged injuries," and that plaintiffs are seeking "a free pass to do it all again with the hope science will be manufactured to fit their claims in the future." (Def. Mem. at 1).

## II.  Legal Standard

Under Federal Rule 41(a)(2), plaintiffs may voluntarily dismiss an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule permits plaintiffs to dismiss their case voluntarily, without court approval, as long as "no other party will be prejudiced." *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981). Although the "prospect of a subsequent lawsuit does not constitute . . . prejudice," *id.*, "[a] plaintiff should not be permitted to force a defendant to incur substantial costs in litigating an action, and then simply dismiss his own case and compel the defendant to litigate a wholly new proceeding." *Id.* at 88. In making the determination whether the defendant will be prejudiced,

the court should consider "'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation [of] the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) (citation omitted).

### III.     Analysis

The principal question is whether GSK would suffer undue prejudice if this matter were simply dismissed without prejudice and without costs. GSK contends that plaintiffs have "forced [it] to incur expenses and devoted significant resources to this case" (Def. Mem. at 4); that it has "incurred the burden and expense of fully briefing and arguing a pending motion for summary judgment" (*Id.*); and that plaintiffs "stated intent to wait for future scientific support is [an] insufficient" basis to dismiss the matter without prejudice. (*Id.* at 5). The Court will address each issue in turn.

First, GSK's contention that it has devoted "significant" resources to this case appears to be exaggerated at best. The docket for this individual case has 102 entries, but the overwhelming majority of those entries are for MDL orders and clerk's notes for conferences that concern the MDL proceeding as a whole. Indeed, other than filing an answer and opposing this motion, there has been virtually no litigation activity in this case. Among other things, no significant motion has been filed in this case in the nearly four-year period since it has been transferred to this court.

Discovery in this matter has proceeded as contemplated by the Court's various MDL orders. No depositions have been taken. Plaintiffs have completed a Plaintiff Fact Sheet and executed authorizations permitting GSK to collect medical and other records. GSK has submitted an affidavit from counsel stating that it has incurred $5,051.12 in expenses collecting

3

medical, insurance, and educational records concerning the plaintiffs. GSK has submitted no invoices or documentation as to that amount, and has not provided a page count or any other means of evaluating the reasonableness of that charge. Plaintiffs contest the amount, but only in general terms as being unduly inflated in light of costs typically incurred in other cases in North Dakota.

GSK has also requested that it recover its attorney's fees incurred in defending this case, but only in the form of a generalized request. It has not submitted any affidavit as to the amount of its attorney's fees or the tasks undertaken, or otherwise attempted to quantify the amount.

Second, GSK's argument that it has incurred the burden and expense of a summary judgment motion carries virtually no weight in this context. The summary judgment motion in question concerned the issue of federal preemption, and applied to every case pending in the MDL proceeding. The marginal cost to GSK of the existence of this case, in connection with that motion, was zero. This is not a case where plaintiffs moved to dismiss after GSK moved for summary judgment in this individual proceeding (in which case the summary judgment motion would have carried considerable weight indeed).

Third, GSK contends that the lawsuit should not have been brought, and that dismissal without prejudice in order to permit a potential future re-filing is improper. That argument merits serious consideration. There is no scientific evidence that Zofran causes the type of birth defects suffered by G.K., and there was none at the time the case was filed. It is certainly not appropriate for a plaintiff to file a lawsuit in the hope that evidence of causation will turn up somewhere along the way. Indeed, one of the unfortunate features of mass product-liability litigation is the presence of substantial numbers of lawsuits with marginal or even non-existent evidence of liability. Having said that, the Court is certainly sympathetic to the situation of the

plaintiffs in this case, and it would be unfair to label the case as entirely frivolous.

In any event, although GSK requests sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, it does not actually seek a specific remedy other than dismissal with prejudice and $5,051.12 in costs. And the Kutzers are willing to dismiss their own claims with prejudice; the only issue is whether the claims of G.K. should be treated differently.

It appears that G.K. is approximately 12 years old. Under North Dakota law, the limitations period for any claim he may have is tolled until his eighteenth birthday. Under N.D.C.C. § 28-01-25, if a person who is entitled to bring an action is under eighteen years old when the cause of action accrues, the statutory limitations period is tolled until a point in time after the minor reaches the age of majority. *See Dunford v. Tryhus*, 776 N.W.2d 539, 541 (N.D. 2009); *BASF Corp. v. Symington*, 512 N.W.2d 692, 694 (N.D. 1994). Under ordinary circumstances, the fact that a limitations period has not yet expired would have little or no effect on the decision whether to dismiss with prejudice. And there certainly is a potential for abuse if a plaintiff is given multiple opportunities to file the same lawsuit.

Nonetheless, the circumstances here are somewhat unusual. The North Dakota legislature has determined that the limitations period for the claims of a minor may be tolled for up to 18 years; the statute thus specifically contemplates, among other things, that a claim may be brought on evidence that would be deemed stale in almost any other context, and that a minor's claim might proceed on a different track from the related claims of his parents. Of course, it is difficult to see how G.K. could bring a new lawsuit in good faith even after his 18th birthday without substantial changes in the underlying science. And it is highly doubtful, to say the least, that clear scientific evidence that Zofran exposure caused his injuries will emerge over the next six or seven years. The potential for unfair prejudice to GSK, therefore, seems

5

relatively slight if G.K.'s claims are not permanently barred.

Under the circumstances, the Court will dismiss the individual claims of Angela Kutzer and Bryan Kutzer with prejudice, and the claims of G.K., their minor son, will be dismissed without prejudice. Plaintiffs will be ordered to pay GSK's costs in defending this proceeding; however, in light of the relatively minimal evidence supporting the reasonableness of those costs, the Court will deem $800 to be a reasonable amount.

## IV.     Conclusion

For the forgoing reasons, this case is DISMISSED pursuant to Fed. R. Civ. P. 41(a)(2). The dismissal is with prejudice as to the individual claims of plaintiffs Angela Kutzer and Bryan Kutzer. The dismissal is without prejudice as to the claims of G.K., a minor. Plaintiffs are ORDERED to pay $800.00 in costs to GSK within 28 days of this order.

**So Ordered.**

Dated: May 20, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge